[No. 13634.    Department Two. — February 1, 1892.]

TIMOTHY HOOWE, RESPONDENT, *v.* JOHN KRELING
ET AL., APPELLANTS.

CONVERSION — FRAUDULENT BILL OF SALE — TRUST — PLEADING. — A complaint alleging that on a day specified the plaintiff was the owner of a saloon, and indebted to various persons; that one of the defendants, by representing that he would sell it for a sum largely in excess of the plaintiff's indebtedness and out of the proceeds pay the indebtedness, and turn over the balance to the plaintiff, induced him to execute a bill of sale of the saloon, and caused the name of another defendant and a money consideration to be inserted in the bill of sale without the plaintiff's knowledge or consent; that the plaintiff was then financially embarrassed, sick, and in such a condition mentally as to be unable to attend to business, and relied wholly upon the representations made, without reading the bill of sale or knowing its contents; that he never intended to transfer the property to the defendant named in the bill of sale, who paid no money therefor and never owned or claimed any interest therein except as the tool of the other defendant, who converted it to his own use, and refused, and still refuses, to account or make payment therefor; and that at the time of the transfer the saloon contained merchandise, fixtures, and furniture of a specified value, — states a cause of action for a conversion, and not for the enforcement of a trust.

ID. — JUDGMENT FAVORABLE TO APPELLANT. — Where it appears that the defendant guilty of the conversion was one of the creditors of the plaintiff who were proposed to be secured by the bill of sale, and that judgment was rendered only for the difference between such indebtedness and the value of the property, together with the money received by such defendant from the business after the transfer was made, the judgment is more favorable to the defendant than he is entitled to, and he cannot complain thereof upon appeal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*H. H. Lowenthal,* for Appellants.

*F. J. Castelhun, W. T. Barton,* and *Joseph D. Redding,* for Respondent.

FITZGERALD, C. — The complaint in this action, in substance, alleges that on the fifth day of May, 1887, plaintiff was the owner and in possession of a saloon and its

contents situated in the city of San Francisco; that on said date he was indebted to various persons, amounting in the aggregate to about $1,029.40; that on that date he was induced to execute a bill of sale of said property upon representations made to him by the defendant Kreling, that if he, plaintiff, would transfer to Kreling said property he could and would effect a sale of the same for a sum largely in excess of plaintiff's indebtedness, and that out of the proceeds of such sale Kreling would pay said indebtedness and turn over the balance to plaintiff; that plaintiff, relying wholly upon these representations, executed the bill of sale, and transferred the property in question, with the understanding and acting under the belief that he had executed the same and transferred the property to Kreling; that Kreling caused the name of defendant Kolbe and the consideration of $750 to be inserted in the bill of sale without the knowledge or consent of plaintiff; that when he executed said instrument he was embarrassed financially, sick, and in such a condition mentally as to be unable to attend to business, and that at the time of its execution he relied wholly upon said representations, without reading it or having any knowledge of its contents; that he never intended to and did not transfer the property to Kolbe, but to Kreling, who received it from plaintiff and thereafter continued to claim and exercise acts of ownership over the same; that Kolbe never owned or claimed any interest therein, but "was simply the creature and tool of the said Kreling for the sole purpose of enabling the said Kreling to obtain the said property for his sole use and benefit, to the loss and damage of plaintiff"; that the consideration expressed in the bill of sale was not received by plaintiff; that Kreling has converted said property to his own use, "and refused, and still refuses, to account or make any payment to plaintiff therefor; that at the time of said transfer the said saloon contained merchandise, fixtures, and furniture of the value of about $1,500."

There was a demurrer interposed to the amended

complaint, which, upon the grounds therein stated, was properly overruled.

It is admitted by defendant Kreling, in his answer, that plaintiff was the owner of the property, and that he executed the bill of sale at the time mentioned in the complaint; but he specifically denies each and every other material allegation thereof.

The case was tried by the court without a jury, and judgment given in favor of plaintiff for the sum of three hundred dollars, from which judgment and an order denying his motion for a new trial the defendant appeals.

It is claimed by appellant that this is an action to enforce a trust against personal property, and for an accounting, and further, that the relief granted by the judgment herein was not prayed for, and is inconsistent with the issues raised by the pleadings.

The court below, upon the facts stated, very properly as we think, treated the action as one for a conversion, and the judgment, which was given for a sum several hundred dollars less than the value of the property was shown to be, was clearly within the issues.

The evidence shows, and the court so finds, that Kreling was one of the various unnamed persons to whom the plaintiff was indebted, as alleged, at the time of the transfer of the property, and that the value thereof, together with the money received by Kreling from the business after the transfer was made, exceeded plaintiff's indebtedness to Kreling in the sum of three hundred dollars.

The difference between the sum awarded by the judgment and the value of the property, as shown at the time of the conversion, is thus accounted for, and shows the result to be more favorable to the defendant than he was entitled to.

The findings, which are objected to on the ground of insufficiency of the evidence to justify them, are in line with and follow the allegations of the pleadings, and as they are sustained by the evidence they will not, under the well-established rule of this court, be disturbed. The

remaining errors complained of are not necessary to be considered, as they are either unimportant or untenable.

We recommend that the judgment and order be affirmed.

Foote, C., and Belcher, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.